**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:                                                                                                                 CHAPTER 13 CASE NO.:

**ORLANDO WILLIAMS**                                                                 20-13481-JDW

**OBJECTION TO CONFIRMATION OF
<u>SECOND AMENDED CHAPTER 13 PLAN (DKT. #17)</u>**

      COMES NOW the Chapter 13 Trustee, Locke D. Barkley (the "Trustee"), by and through counsel, after reviewing the voluntary petition (the "Petition"), Schedules, Statement of Financial Affairs, and conducting the Section 341(a) Meeting of Creditors, and files this Objection to Confirmation of Second Amended Chapter 13 Plan (the "Objection"), and in support thereof states as follows:

      1.      The Debtor commenced this proceeding by filing a voluntary petition on December 21, 2020 (the "Petition Date"). The Debtor filed a proposed Second Amended Chapter 13 Plan (Dkt. #17) (the "Plan") on February 24, 2021.

      2.      The Debtor is below median income and the proposed term of the Plan is sixty (60) months. The Plan does not provide for a distribution to nonpriority unsecured creditors. The liquidation value in Section 5.1 of the Plan is $1,763.72.

      3.      The Plan fails to comply with 11 U.S.C. §§ 1325(a)(1) and 1322(a)(2) because it fails to provide for the treatment of the priority claim of the Internal Revenue Service (Clm. #15-1). The form plan approved by this Court provides that, "[t]he treatment of ALL secured and priority debts must be provided for in this plan."

      4.      The Plan fails to comply with 11 U.S.C. §§ 1325(a)(1) and (b)(1)(B). Section 5.1 of the Plan does not provide for payment of all of the Debtor's projected disposable income for

nonpriority unsecured creditors. Based on Amended Schedule I (Dkt. #19) and Schedule J (Dkt. #1, Pgs. 31-31) the Debtor's actual monthly net income is $1821.49 and the plan payment is currently $1397.50. Accordingly, there remains $424.00 of projected disposable income not being paid by the Debtor. The Trustee requests that the plan payment be set at $1,628.00 monthly and that Section 5.1 of the Plan be amended to pay the funds remaining after disbursements have been made to all other creditors provided for in the plan with the Trustee to determine the *pro rata* percent distribution, or the amount necessary to pay nonpriority unsecured creditors in full, whichever is more.

5. The Debtor should timely remit all plan payments due under the Plan prior to the hearing or the case should be dismissed for failure to comply with the proposed Plan.

6. For the reasons set forth herein, the Trustee submits that Confirmation of the Plan should be denied and the case dismissed.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that upon notice and hearing that this Court enter its order sustaining the Objection. The Trustee prays for other such general and specific relief to which the Trustee and this bankruptcy estate may be entitled.

Dated: March 11, 2021.

Respectfully submitted,

**LOCKE D. BARKLEY**
**CHAPTER 13 TRUSTEE**

BY:   /s/ Melanie T. Vardaman
ATTORNEYS FOR TRUSTEE
W. Jeffrey Collier (MSB 10645)
Melanie T. Vardaman (MSB 100392)
6360 I-55 North, Suite 140
Jackson, Miss.  39211
(601) 355-6661
mvardaman@barkley13.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first-class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

Dated: March 11, 2021.

/s/ Melanie T. Vardaman
MELANIE T. VARDAMAN

3